IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TANYA L. WILLIAMS, § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> TARGET CORPORATION, § <br>     Defendant. § | CIVIL ACTION NO. H-12-2958 |

## MEMORANDUM AND ORDER

This Title VII employment discrimination case is before the Court on Defendant Target Corporation's ("Target") Motion to Dismiss Plaintiff's Second Cause of Action [Doc. # 18] pursuant to Rule 12(b)(6). The Motion is ripe for consideration. The Court has carefully reviewed the arguments and applicable law and concludes Target's Partial Motion to Dismiss should be granted.

### A.     LEGAL STANDARD

When considering a motion to dismiss, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement

to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington*, 563 F.3d at 147). However, a complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Iqbal*, 556 U.S. at 678; *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

**B.   ANALYSIS**

Plaintiff Tanya L. Williams' ("Williams) raises a "pattern and practice" discrimination claim, alleging that Defendant had a pattern and practice of treating Black pharmacists in her District differently than White pharmacists. *See* First Amended Complaint [Doc. # 13], at 4-5. "A pattern or practice case is not a separate and free-standing cause of action . . . but is really 'merely another method by which disparate treatment can be shown.'" *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355 (5th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1219 (5th Cir. 1995)). A pattern or practice discrimination claim may not be brought in a

private lawsuit that is not a class action. *See Roy v. U.S. Dep't of Agric.*, 115 F. App'x 198, 201 (5th Cir. 2004) (unpublished) (holding that a "'pattern and practice of discrimination' claim . . . is inapplicable to [an] individual claim of racial discrimination" (citing *Celestine*, 266 F.3d at 355-56));  *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003) (holding that the plaintiffs' pattern or practice claims fail in light of *Celestine*); *Richmond v. Coastal Bend Coll. Dist.*, 883 F. Supp. 2d 705, 718 (S.D. Tex. 2012) (Head, J.) ("In the Fifth Circuit, the pattern-or-practice method of proof is not available in private, non-class action lawsuits." (citing *Frank*, 347 F.3d 136)); *Colindres v. Quietflex Mfg.*, No. Civ.A. H-01-4319, Civ.A. H-01-4323, 2004 WL 3690215, *5 (S.D. Tex. Mar. 23, 2004) (Rosenthal, J.) ( "The pattern and practice method of proving discrimination is almost exclusively used in class actions, leaving individual plaintiffs confined to the *McDonnell Douglas* framework." (citing *Celestine*, 266 F.3d at 354)). Williams raises her "pattern and practice" discrimination claim individually and does not seek to certify a class action. *See* First Amended Complaint, at 1-5.  Accordingly, her "pattern and practice" claim is dismissed.

**C.   CONCLUSION**

Accordingly, it is hereby

**ORDERED** that Defendant Target Corporation's Motion to Dismiss Plaintiffs Second Cause of Action [Doc. # 18] is **GRANTED.**  Plaintiff Tanya L. Williams'

"pattern and practice" discrimination claim is **DISMISSED.**

SIGNED at Houston, Texas this 8th day of **April, 2013.**

_____
Nancy F. Atlas
United States District Judge